# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-101** |
| **CARLIXTO SIERRA** | **SECTION "K"** |

### ORDER AND OPINION

The Court considered defendant Carlixto Sierra's *pro se* motion for post-conviction relief pursuant to 28 U.S.C. §2255 on memoranda.[1] Upon review of the entire record, it is clear that the movant is not entitled to relief and that an evidentiary hearing is not necessary. Accordingly, the motion is DENIED.

In 2007 a jury convicted defendant Carlixto Sierra of one count of possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§841(a)(1). The Court sentenced Sierra to a term of 121 months imprisonment and a five year term of supervised release. The Fifth Circuit Court of Appeals affirmed defendant's conviction. *United States v. Sierra*, 294 Fed. Appx. 884 (5th Cir. September 30, 2008).

Defendant's motion for post conviction relief challenges his conviction on the following grounds:

- the investigatory traffic stop violated his Fourth Amendment

---

[1] Defendant actually filed a "Nunc Pro Tunc Motion for Violation of His Fourth and Fifth Constitutional Amendments; Violation of Rule 901 (28 U.S.C. Rule 901); Violation of the Rule of Discovery; Intentional Concealment of Exclupatory Evidence; Illegal Stop and Arrest; Gross Police perjury, and Gross Police Misconduct" (Doc. No. 131). The Court previously concluded that it would treat that motion as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. §2255. (Doc. 132).

- rights;
- the search of the rental vehicle defendant was driving violated his Fourth Amendment rights;
- the deputies who conducted the search violated defendant's constitutional right to due process by violating Rule 901 of the Federal Rules of Evidence;
- the government failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and
- the deputies involved in defendant's search and arrest committed "gross police perjury, thereby violating his right to due process.

FOURTH AMENDMENT CLAIMS

In a pretrial motion to suppress defendant attacked the legality of the investigatory stop as well as the search of the vehicle. The Court denied the motion. Defendant raised those same issues on direct appeal to no avail.

The Court need not consider the merits of defendant's Fourth Amendment claims. Where, as here, a defendant had a full and fair opportunity to litigate his Fourth Amendment claims in a pretrial motion to suppress and on direct appeal, collateral review of such claims is prohibited by *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). *United States v. Ishmael*, 343 F.3d 741, 742 (5th Cir. 2003).

## *BRADY* CLAIMS

In *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the Supreme Court held that irrespective of good or bad faith by the prosecution, a defendant's right to due process is violated when the prosecution suppresses evidence favorable to the defendant and the evidence is material either to guilt or to punishment. Defendant contends that the prosecution violated his right to due process by failing to disclose to the defense that a "drug dog" searched the defendant's rental vehicle and failed to alert to an incriminating evidence. This claim lacks merit.

"To establish a *Brady* violation, a defendant must make three showings: 'The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the state, either willfully or inadvertently; and prejudice must have ensued." *United States v. Sipe*, 388 F.3d 471, 477 (5th Cir. 2004) (quoting *Strickler v. Greene*, 527 U.S. 263, 281-82, 119 S.ct. 1936, 144 L.Ed.2d (1999)). However, "the State bears no responsibility to direct the defense toward potentially exculpatory evidence that is either known to the defendant or that could be discovered through the exercise of reasonable diligence." *Id*. at 478 (citing *Rector v. Johnson*, 120 F.3d 551, 558-59 (5th Cir. 1997)).

Defendant witnessed the search of his rental vehicle. He asserts that "[h]e observed that a third officer . . . exited the four door sedan with a drug dog and had approached Sierra's vehicle and started searching the vehicle with the drug dog." Given defendant's statement that he witnessed the canine search of his vehicle, the prosecution had no obligation to inform the defense that there had been a canine search of the vehicle, if in fact, such a search occurred. Moreover, the trial transcript memorializes the following colloquy between defense counsel and Deputy Keith Womack, the officer who searched the vehicle, concerning whether a canine search of the vehicle was conducted:

> Q. . . . Did you ever bring out a drug dog?
>
> A. No, sir.
>
> Q. Okay. Neither you nor Deputy Newman had a drug dog?
>
> A. No, sir.

Doc. 122, p. 138. Thus, defense counsel questioned Deputy Womack concerning the presence of of a drug dog, and Deputy Womack denied that such a dog had been present. Defendant has failed to establish a *Brady* violation.

*PERJURY CLAIM*

Defendant asserts that both Deputy Keith Womack and DEA Task Force Agent Karl Newman gave perjured testimony at defendant's trial as described below:

- "Deputy Keith Womack intentionally lied in his report and later repeatedly under oath in court when stated that he was traveling Eastbound on Interstate I-12 observing the traffic when he observed Sierra's vehicle crossing the center line several times";
- "Deputy Womack and Deputy Newman both lied when stated in the report and later testified in court under oath that a citation was issued and signed by Sierra at the traffic stop";
- "both Deputies lied when stated and alter testified in court that they returned to Sierra's documentation at the traffic stop";
- "Deputy Womack lied when he testified in court at Sierra's jury trial on cross examination when he answered that no drug dog was used to search Sierra's vehicle";
- "both Deputy Womack and Deputy Newman lied when they pretended to have found drugs underneath the rear end of Sierra's vehicle and that 'Deputy Newman had gone to his unit to test the powder." when in fact Deputy Newman was not who responded to the traffic stop";
- "Both Deputy Womack and Deputy Newman lied when they stated and testified in court that Deputy Karl Newman was who responded to the traffic stop"; and
- "both Deputy Womack and Deputy Newman lied when he testified that he had handcuffed Defendant Sierra on the front because of Sierra's physical condition.

When the State knowingly presents false testimony to obtain a conviction and fails to correct that testimony, a defendant's right to due process is violated. *See Napue v. Illinois*, 360 U.S. 264, 268-712, 79 S.Ct. 1173, 1176-78. 3 L.Ed.2d 1217 (1959). To obtain *habeas corpus* relief on the ground that the government relied on perjured testimony, a defendant must show: (1) the contested statements were actually false, (2) the statements were material, and (3) the prosecution knew that they were false. *Tucker v. Johnson*, 242 F.3d 617, 626 (5th Cir. 2001). Sierra has offered nothing

4

to support his conclusory allegation regarding the alleged falsity of Deputy Womack and Agent Newman's testimony, nor has he offered any evidence that the prosecution knew the challenged testimony was false. Considering defendant's failures, his claim must fail.

RULE 901 CLAIM

Defendant also seeks to vacate his conviction contending that Deputy Womack and Agent Newman violated Rule 901 of the Federal Rules of Evidence by failing to secure the evidence seized during the search of his rental vehicle. Although defendant cites Rule 901, which requires authentication or identification of evidence as a condition precedent to admissibility of the evidence, the gravamen of defendant's claim is that Deputy Womack and Agent Newman lied when they testified that drugs were found during the search of Sierra's rental vehicle. For the reasons stated above, the Court has previously concluded that defendant's perjury claim lacks merit. That determinations applies to these allegations as well.[2] Accordingly,

**IT IS ORDERED** that defendant Carlixto Sierra's claims for post-conviction relief be dismissed with prejudice.

New Orleans, Louisiana, this 20th day of January, 2010.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The Court also notes that defendant's counsel did not object to the authenticity of the cocaine seized the search of the rental vehicle. (Doc. 122, p. 124).